IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EULALIO GUERRERO, II,

    Petitioner,               No. CIV S-10-0905 JAM DAD P

    vs.

JAMES A. YATES,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 17, 2010, respondent filed and served the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition and respondent has filed a reply. The matter then came before the court on August 27, 2010, for oral argument. Michael Bigelow, Esq. appeared for petitioner. Deputy Attorney General Robert Nash, Esq. appeared for respondents defendants. Having considered the briefs submitted by counsel, the record before the court and the oral arguments of the parties, for the reasons set forth below the undersigned recommends that respondent's motion to dismiss be granted.

/////

1

# BACKGROUND

On January 30, 2006, a Sacramento County Superior Court jury found petitioner guilty of lewd and lascivious acts on a child under the age of fourteen and found the enhancement allegation that he committed the offense against two or more victims to be true. (Petition (Doc. No. 1) at 4; Lod. Doc. 1 &2.)[1] On April 7, 2006, petitioner was sentenced to a term of 45 years to life imprisonment. (Id.)

On October 3, 2007, the California Court of Appeal for the Third Appellate District, affirmed the judgement of conviction. (Petition at 4; Lod. Doc. 2.) Petitioner filed a petition for review with the California Supreme Court. (Petition at 5; Lod. Doc. 3 & 4.) That petition was denied on December 19, 2007. (Id.)

Petitioner did not file a petition for writ of certiorari with the United States Supreme Court nor did he pursue habeas relief in the state courts. On April 14, 2010, petitioner commenced this action by filing a petition for a writ of habeas court with this court.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Argument

Respondent asserts that a state prisoner challenging the legality of his custody has one-year from the date his judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review, in which to seek federal habeas relief. (MTD (Doc. No. 11) at 2.) Respondent contends that direct review of petitioner's conviction ended on March 18, 2008, when the 90-day period for filing a petition for writ of certiorari with the United State Supreme Court expired. (Id.) Thus, according to respondent, the statute of limitations for the filing of a federal habeas petition in this case began to run on March 19, 2008, and the last day for petitioner to seek federal habeas relief was on March 18, 2009, plus any time for tolling. (Id. at 3.) Respondent asserts that since petitioner did not file any applications for state post-

---

[1] Respondent lodged the pertinent documents with this court on June 18, 2010.

1  conviction relief, the statute of limitations for the filing of a federal habeas petition expired on
2  March 18, 2009.  (Id.)  Respondent notes that the pending habeas petition was not filed until
3  April 14, 2010, more than a year after the one-year statute of limitations under 28 U.S.C. §
4  2244(d) had expired.  (Id.)  Accordingly, respondent concludes that this federal habeas action is
5  time-barred and must be dismissed.
6  II.  Petitioner's Opposition
7         Petitioner argues that the AEDPA statute of limitations for the filing of a federal
8  habeas petition is subject to equitable tolling in this case.  (Opp'n at 5.)  Petitioner explains that
9  after his petition for review was denied by the California Supreme Court, he implored his
10 daughter to locate and retain on his behalf an attorney with federal habeas expertise.  (Id.)
11 Petitioner's daughter provides a declaration in which she admits that she promised her father that
12 she would locate and retain an attorney on his behalf, but after her father's conviction and the
13 California Supreme Court's denial of his petition for review, she fell seriously ill, suffering from
14 severe clinical depression.  (Id., Ex. B at 1.)  Petitioner's daughter declares that, as a result, she
15 was unable to function normally and that in August of 2008, she finally sought the assistance of a
16 mental health expert.  (Id.)  In addition, although she did contact at least one attorney during that
17 period she was ill, she declares that she was emotionally unable to follow through on that
18 contact.  (Id.)  According to petitioner's daughter, it was not until approximately December of
19 2009, that she had recovered sufficiently to begin again the search for an attorney on behalf of
20 her father.  (Id., Ex. B at 2.)  An attorney was retained to represent her father in connection with
21 these proceedings on January 29, 2010 and approved by petitioner on February 5, 2010.  (Id.)
22        Petitioner has also submitted a declaration in which he states that he spoke
23 regularly with his daughter, either in person or by telephone, and that she repeatedly told him that
24 she was working to obtain an attorney to represent him and that he believed her.  (Id., Ex. A at 1.)
25 In addition, petitioner declares, "I do not have a very good education and over the years I have
26 come to rely upon and trust my daughter."  (Id.)  Petitioner indicates that he relied exclusively on

his daughter to locate an attorney to represent him following his conviction and after the decisions of the California Court of Appeals and California Supreme Court on direct review. (Id., Ex. A at 1-2.) Petitioner states that his daughter told him that he had sufficient time to file a federal habeas petition attacking his conviction. (Id., Ex. A at 1.)

In arguing for equitable tolling of the AEDPA statute of limitations under these circumstances petitioner's counsel concedes that he has been unable to find authority directly on point. Nonetheless, petitioner's counsel argues that equitable tolling should be applied here because petitioner relied on a trusted family member who repeatedly gave him assurances that everything would be dealt with in a timely manner. (Opp'n at 7.) Finally, petitioner's counsel contends, if petitioner's daughter was an attorney, "there is little question that under these circumstances equitable tolling would be appropriate." (Id.)

III.  Respondent's Reply

In reply, respondent argues that petitioner is not entitled to equitable tolling of the one-year statute of limitations because (1) it was the mental state of petitioner's daughter and not petitioner's own mental state that allegedly caused the delay in locating an attorney, and (2) petitioner was not diligent in pursuing federal habeas relief. (Reply at 2.) In support of his arguments respondent refers to court decisions in which a petitioner's own mental incompetence was deemed inadequate to justify equitable tolling of the AEDPA statute of limitations. (Id. at 3.) Respondent also argues that, for example, a petitioner's reliance on jailhouse lawyers to file his federal habeas petition does not warrant equitable tolling because reliance on another person for assistance is "strictly voluntary" and pursued as a matter of choice by the petitioner. (Id. at 4.) In this case, respondent contemns, petitioner's decision to rely on his daughter and wait for her to retain counsel on his behalf to seek federal habeas relief does not show diligence on his part. (Id.) Respondent notes that petitioner could have sought assistance from other family members or inmates at his place of incarceration, made attempts to obtain counsel himself, or pursued post-conviction review of his claims on his own behalf. (Id.) Finally, respondent

4

disagrees with petitioner's argument that if his daughter was an attorney, equitable tolling would apply under the circumstances here. (Id.) In this regard, respondent argues that there is a "huge difference between retained counsel's egregious misconduct and the deficient performance of a family member." (Id.) Furthermore, respondent asserts, the daughter's actions described in her declaration do not amount to egregious misconduct, but rather was only "'garden variety' negligence which would not entitle Petitioner to equitable tolling." (Id.)

**ANALYSIS**

Petitioner does not dispute that the habeas petition pending before this court was untimely filed absent equitable tolling. Therefore, the only issue before the court is whether petitioner is entitled to equitable tolling given the evidence presented to the court by petitioner.

The United States Supreme Court has now held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2560 (2010). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[2] See also Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling of the AEDPA statute of limitations is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

/////

---

[2] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (citations omitted).

1    Courts are expected to "take seriously Congress's desire to accelerate the federal
2 habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir.
3 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163
4 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002)
5 (describing the Ninth Circuit's standard as setting a "high hurdle" to overcome in establishing
6 that equitable tolling is justified). To this end, "the circumstances of a case must be
7 'extraordinary' before equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564. Whether
8 a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."
9 Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710,
10 713 (5th Cir. 1999)). See also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to
11 determine whether the facts in this record entitle Holland to equitable tolling, or whether further
12 proceedings, including an evidentiary hearing, might indicate that respondent should prevail").

13    Here, in light of the record before this court, it cannot be concluded that petitioner
14 acted diligently in pursuing federal habeas relief. Petitioner's attempt to put the entire burden for
15 the filing a timely federal habeas petition on his daughter, fails to demonstrate reasonable
16 diligence on his part. As respondent has argued, equitable tolling requires the petitioner to do
17 more than sit on his hands. Here, there is no showing that petitioner made any efforts to obtain
18 counsel himself, or to obtain assistance from other family members, relatives, or even other
19 prisoners and prison staff, such as a prison law librarian or law library clerk. See Bills v. Clark,
20 628 F.3d 1092, ___, 2010 WL 4968692, at *8 (9th Cir. Dec. 8, 2010) ("With respect to the
21 necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance
22 is reasonably available."); see also Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006)
23 ("[W]e conclude that a non-English-speaking petitioner seeking equitable tolling must, at a
24 minimum, demonstrate that during the running of the AEDPA time limitation, he was unable,
25 despite diligent efforts, to procure either legal materials in his own language or translation
26 assistance from an inmate, library personnel, or other source."); "Vasquez v. Martel, No. 2:09-

6

cv-3141 GEB KJN P, 2011 WL 285045, at * (E.D. Cal. Jan. 25, 2011) (petitioner "failed to demonstrate he timely or diligently sought the assistance that is available in prison" including law libraries, litigation coordinators, prison staff, other inmates and jailhouse lawyers and thus did not establish the reasonable diligence necessary to justify equitable tolling); Jackson v. McDonald, No. ED CV 09-2136 CAS (JCG), 2010 WL, 5572742, at *6-7 (C.D. Cal. Dec. 9, 2010) (where record reflected that petitioner asserting a mental impairment was "evidently disinterested in legal matters" he failed to establish that he was reasonably diligent in pursuing federal habeas relief for equitable tolling purposes) .

With respect to his burden of establishing that some extraordinary circumstance stood in his way and prevented the filing of a timely federal habeas petition, petitioner merely argues that his ignorance of the law, combined with his reliance on his daughter, should support the application of equitable tolling. Specifically, petitioner asserts, "I do not have a very good education and over the years I have come to rely upon and trust my daughter." (Opp'n, Ex. A ¶ 4 at 1.) As petitioner's counsel essentially concedes, however, there is no legal authority supporting the application of equitable tolling based upon such circumstances. A petitioner who relies on others to assist him retains the "'personal responsibility of complying with the law.'" Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. Jan. 19, 2010) (quoting March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). In addition, "a low educational level, even to the point of illiteracy, does not automatically entitle an inmate to equitable tolling" of the AEDPA statute of limitations. Vasquez, 2011 WL 285045, at *4. See also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the limitations period); Green v. Small, No. CV 10-139 DOC (JC), 2011 WL 91045, at *2 (C.D. Cal. Jan. 2, 2011) (rejecting petitioner's claim of entitlement to equitable tolling of the AEDPA statute of limitations based on his lack of education, possible illiteracy and pro se status); Stableford v. Martel, No. SA CV 09-01071 JST (RZ), 2010 WL 5392763, at *3 (C.D. Cal. Sept. 14, 2010) (rejecting petitioner's

argument that he was entitled to equitable tolling because he was illiterate, dyslexic, generally uneducated and had only limited access to an inadequate prison law library on the grounds that "[n]one of these circumstances is sufficiently extraordinary to warrant tolling").

Because petitioner has not carried his burden of proving that he acted diligently in pursuing federal habeas relief and that some extraordinary circumstance stood in his way and prevented the filing of a timely petition, he is not entitled to equitable tolling of the one-year statute of limitations and respondent's motion to dismiss should be granted.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 17, 2010 motion to dismiss (Doc. No. 11) be granted; and

2. This action be dismissed and closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 9, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
guer0905.157